## WILDER & CO. *vs.* HOP WO WAI CO.

### DECISION OF JUDD, C.J.

### MARCH, 1887.

Under modern pleading it is not proper to style an action of assumpsit "trespass on the case upon promises:" but it appearing from the declaration that the action is assumpsit, the objectionable averment is treated as surplusage.

### DECISION OF JUDD, C.J.

This action is demurred to on the ground that although it is entitled "assumpsit" by the form of the declaration, plaintiff complains of defendants "in a plea of trespass on the case upon promises."

After having reviewed all the authorities presented, to wit: Stephen on Pleading, pp. 17, 18 and 40; Kerr's Action at Law, pp. 119, 120; 1 Chitty Pl., p. 99; I am of opinion that it is not consonant with the modern rules of pleading to designate an action which is *ex contractu* as "Case," although anciently assumpsit was trespass on the case upon promises. "Case" is suited to torts or actions *ex delicto*.

But although the complaint styles this action "trespass on the case upon promises," from what follows it is, to my mind,

an ordinary declaration in express assumpsit upon a promissory note. The making of the note and the promise to pay is laid in apt words, and a copy of the note is annexed to the declaration and made part thereof. The *ad damnum* is laid at $1200. The note is for $750.21 and interest at ten per cent. per annum; and the principal and interest since September 28th, 1883, when the note was made, would nearly come up to the *ad damnum*. The amount of the *ad damnum* laid cannot affect the case, provided only that the plaintiff can recover no more than he asks for, and he cannot recover in this case, except for principal and interest and costs.

I do not think the declaration is demurrable on the ground stated. The objectionable phrase which names the action may be treated as surplusage.

I therefore overrule the demurrer with costs. Defendants may answer over in four days, and the answer must conform to the Statute of 1876.

*Ashford & Ashford,* for plaintiffs.
*W. R. Castle,* for defendants.
Honolulu, March 5th, 1887.